THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MAGNITUDE MANAGEMENT, LLC, a Utah Limited Liability Company, and HARI SWAMI, LLC, an Iowa Limited Liability Company,<br><br>Plaintiffs,<br><br>vs.<br><br>HARRY TILALA, an Individual,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER TO SHOW CAUSE ON JURISDICTION**<br><br>Case No. 1:24-cv-00162-DBB<br><br>Judge David Barlow |

On September 30, 2024, Plaintiffs Magnitude Management, LLC and Hari Swami, LLC filed the above captioned action in this court based on diversity jurisdiction.[1] Plaintiffs assert the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).[2] However, the complaint is insufficient to establish that this court has diversity jurisdiction over the action because the Plaintiffs have not included allegations as to the citizenship of the LLCs' members.

This court "must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings." *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998) (quoting *Tafoya v. U.S. Dep't of Justice*, 748 F.2d 1389, 1390 (10th Cir. 1984)). "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)). Consequently, courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a

---

[1] Compl., ECF No. 2, filed September 30, 2024.
[2] Compl. ¶ 4.

challenge from any party." *Id.* (citation omitted). "Congress has exercised its prerogative to restrict the subject-matter jurisdiction of federal district courts based on a wide variety of factors . . . ." *Id.* at 515 n.11. Diversity jurisdiction requirements are one such limitation. *See* 28 U.S.C. § 1332(a); *City of Indianapolis v. Chase Nat. Bank of City of N.Y.*, 314 U.S. 63, 77 (1941) (discussing congressional policy behind diversity jurisdiction requirements, which requires federal courts to "scrupulously confine their own jurisdiction to the precise limits which the statute has defined").

For unincorporated entities, the court's "diversity jurisdiction in a suit by or against [an] entity depends on the citizenship of all [its] members." *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016) (quoting *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195–96 (1990)). Moreover, "where an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 n.16 (3d Cir. 2015) (quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010)); *see Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members."); *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 126 (1st Cir. 2011) ("We note as well that this jurisdictional issue has the potential to be iterative. If even one of Zwirn's members is another unincorporated entity, the citizenship of each of that member's members (or partners, as the case may be) must then be considered."); *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010) ("[B]ecause a member of a limited liability company may itself have multiple members—and thus may itself have multiple

2

citizenships—the federal court needs to know the citizenship of each sub-member as well." (quotation omitted)); *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.").

Both Magnitude Management, LLC and Hari Swami, LLC have failed to allege the citizenship of their members. Instead, Magnitude Management, LLC states that it "is a Utah Limited Liability Company,"[3] and Hari Swami, LLC states that it "is an Iowa Limited Liability Company."[4] Because Plaintiffs are limited liability companies, they must plead the citizenship of their members.

The court therefore ORDERS Plaintiffs **on or before November 12, 2024**, to show cause why this action should not be dismissed for lack of jurisdiction or to properly plead the citizenship of the business entities in this action. Failure to do so will result in the action being dismissed for lack of jurisdiction.

DATED: October 29, 2024                    BY THE COURT

　　　　　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　　　　　David Barlow
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[3] Compl. ¶ 1.
[4] Compl. ¶ 2.